# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HANON SYSTEMS ALABAMA CORP.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | Court No. 23-00269 |

## COMPLAINT

Plaintiff, Hanon Systems Alabama Corp. ("Hanon" or "Plaintiff") by and through its attorneys, alleges and states as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. This action is brought pursuant to 28 U.S.C. § 1581(c). Plaintiff contests the final circumvention determination issued by the U.S. Department of Commerce ("Commerce") in *Antidumping and Countervailing Duty Orders on Certain Aluminum Foil From the People's Republic of China: Final Affirmative Determinations of Circumvention With Respect to the Republic of Korea and the Kingdom of Thailand*, 88 Fed. Reg. 82,824 (Dep't of Commerce Nov. 27, 2023) ("*Final Determination*"); *see also* Memorandum from James Maeder, Deputy Assistant Secretary for Enforcement and Compliance, to Abdelali Elouaradia, Deputy Assistant Secretary for Enforcement and Compliance, *Subject: Issues and Decision Memorandum for the Final Affirmative Circumvention Determination of the Antidumping Duty Order on Certain Aluminum Foil from the People's Republic of China with Respect to the Republic of Korea* (Dep't of Commerce Nov. 17, 2023) ("Final I&D Memorandum").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, *as amended,* 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING

3. Hanon is a U.S. importer of the merchandise considered in Commerce's *Final Determination* and, thus, an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A) and 28 U.S.C. § 2631(k)(1).

4. Hanon participated in the contested proceeding by filing legal arguments and participating in Commerce's hearing. Accordingly, Hanon has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

5. Hanon commenced this action by filing a Summons on December 20, 2023, within 30 days after Commerce issued its *Final I&D Memorandum* dated November 17, 2023 on November 20, 2023.

6. Hanon files this Complaint within 30 days of its filing the Summons. The Summons and Complaint are, therefore, timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and USCIT Rules 3(a)(2) and 6(a).

7. Because Plaintiff's Complaint is being filed within the statutorily prescribed time period, this action is timely.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

Court No. 23-00269

8.  Commerce self-initiated a country-wide circumvention inquiry to determine whether imports of certain aluminum foil (aluminum foil) completed in the Republic of Korea using inputs (i.e., aluminum foil- and sheet-gauge products) from China are circumventing the antidumping duty ("AD") and countervailing duty ("CVD") orders on aluminum foil from China (collectively, the "*Orders*").  *Certain Aluminum Foil From the People's Republic of China: Initiation of Circumvention Inquiries of the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 42,702 (Jul. 18, 2022) ("*Initiation*"); *see also* Memorandum from Ryan Majerus, Deputy Assistant Secretary for Policy and Negotiations, to Lisa Wang, Assistant Secretary for Enforcement and Compliance, *SUBJECT: Certain Aluminum Foil from the People's Republic of China: Initiation of Circumvention Inquiries on the Antidumping Duty and Countervailing Duty Orders* (Jul. 11, 2022) ("Initiation Memo").  At the time of initiation, Commerce defined inquiry merchandise for purposes of the circumvention proceeding as

> The circumvention inquiries cover aluminum foil assembled and completed in Korea and Thailand, using Chinese-origin aluminum foil and/or sheet, that is subsequently exported from Korea and Thailand to the United States.  Specifically, Commerce placed information on the administrative record, as attachments to its Initiation Memorandum, that indicates aluminum foil inputs produced in China undergo further processing in Korea and Thailand before being exported to the United States.  Commerce intends to determine as part of this circumvention inquiry whether or not that further processing in Korea and Thailand is minor or insignificant and otherwise meets the circumvention criteria set forth in section 781(b) of the Act.

9.  On August 11, 2022, Commerce issued quantity and value questionnaires to Korean manufacturers and/or exporters of aluminum foil.  *See* Letter from Erin Kearney, Program Manager, AD/CVD Operations, Office VI, *Re: Antidumping and Countervailing Duty Orders on Certain Aluminum Foil From the People's Republic of China: Quantity and Value*

*Questionnaire for Circumvention Inquiries With Respect to the Republic of Korea and the Kingdom of Thailand* (Aug. 11, 2022).

    10.    On August 25, 2022, Dong-IL Aluminum Co., Ltd. ("Dong-IL"), Dongwon Systems Corp., ILJIN ALTECH Co., Ltd., Korean Aluminum Co., Ltd., Lotte Aluminum Co., Ltd., and Sam-A Aluminum Co., Ltd. (collectively, "Korean Producers") timely filed the Korean Producers' responses to Commerce's August 11, 2022 quantity and value ("Q&V") questionnaire.

    11.    On September 19, 2022, Korean Producers timely submitted comments and new factual information addressing Commerce's self-initiation. *See* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Aluminum Foil from the People's Republic of China: Korean Producers' Comments and New Factual Information* (Sept. 19, 2022).

    12.    On October 11, 2022, Commerce selected Dong-IL and Lotte Aluminum Co., Ltd. as the mandatory respondents in the circumvention inquiry based on reported Q&V data from each exporter. *See* Memorandum from Michael J. Heaney, Senior International Trade Compliance Analyst, Office VI, Antidumping and Countervailing Duty Operations, through Erin Kearney, Program Manager, Office VI, Antidumping and Countervailing Duty Operations, to Dana S. Mermelstein, Director, Office VI, Antidumping and Countervailing Duty Operations, *RE: Circumvention Inquiry on Aluminum Foil from the People's Republic of China: Republic of Korea Respondent Selection* (Oct. 11, 2022).

    13.    Commerce issued initial questionnaires to mandatory respondents, including Dong-IL, on November 2, 2022. *See* Letter from Erin Kearney, Program Manager, AD/CVD Operations, Office VI, Enforcement and Compliance, to Dong-IL Aluminum Co., Ltd., *Re:*

Court No. 23-00269

*Aluminum Foil from the People's Republic of China: Circumvention Inquiry Questionnaire* (Nov. 2, 2022).

14. Dong-IL timely submitted its response to Commerce's initial questionnaire on December 6, 2022. *See* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Aluminum Foil from the People's Republic of China: Dong-IL's Circumvention Inquiry Questionnaire Response* (Dec. 6, 2022).

15. On January 11, 2023, Commerce issued a supplemental questionnaire to Dong-IL. *See* Letter from Erin Kearney, Program Manager, AD/CVD Operations, Office VI, Enforcement and Compliance, to Dong-IL Aluminum Co., Ltd., *Re: Circumvention Inquiry of Certain Aluminum Foil from the People's Republic of China: Supplemental Questionnaire* (Jan. 11, 2023). Dong-IL timely submitted its response to the supplemental questionnaire. *See* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Aluminum Foil from the People's Republic of China: Dong-IL's Circumvention Inquiry Supplemental Questionnaire Response* (Jan. 20, 2023).

16. Korean Producers filed pre-preliminary comments prior to the issuance of Commerce's preliminary determination. *See* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Certain Aluminum Foil from the People's Republic of China: Korean Producers' Comment Regarding Preliminary Determination* (Feb. 13, 2023).

17. On March 15, 2023, Commerce preliminarily determined that imports of aluminum foil from Korea are circumventing the *Orders*. *See* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, to Lisa, W. Wang, Assistant Secretary for Enforcement and Compliance, *SUBJECT: Aluminum Foil from the People's Republic of China: Preliminary Decision Memorandum for the*

5

Court No. 23-00269

*Circumvention Inquiry with Respect to the Republic of Korea* (Mar. 15, 2023); *see also Antidumping and Countervailing Duty Orders on Certain Aluminum Foil From the People's Republic of China: Preliminary Affirmative Determination of Circumvention With Respect to the Republic of Korea and the Kingdom of Thailand*, 88 Fed. Reg. 17,177 (Mar. 22, 2023).

    18.    Commerce's preliminary analysis for Dong-IL preliminarily determined that the level of Dong-IL's investment in Korea is not minor or insignificant which weighs against a finding that the process of assembly or completion in Korea is minor or insignificant, Dong-IL's R&D activity in Korea weighs against finding that the process of assembly or completion in Korea is minor or insignificant, and Dong-IL's production facilities in Korea is not minor or insignificant, which weighs against a finding that the process of assembly or completion in Korea is minor or insignificant.  *See* Memorandum to The File, *SUBJECT: Certain Aluminum Foil from the People's Republic from China – Circumvention Inquiry with Respect to Korea: Preliminary Analysis Memorandum for Dong-IL Aluminum Co., Ltd.* (Mar. 15, 2023).  With respect to the nature of the production process in Korea, Commerce preliminary found that the nature of the production process for products such as Dong-IL's ultra-thin foil is more substantial and involves more production steps than some other types of foil, but that Dong-IL's production process in Korea is less significant than the production process for the aluminum strip input.  *Id*. at 3.  Finally, Commerce preliminary found that the value of processing performed by Dong-IL in Korea represents a small proportion of the value of inquiry merchandise imported into the United States, weighing in favor of finding that the process of assembly or completion in Korea is minor or insignificant.  *Id*. at 4.  Commerce also considered other factors, determining that Dong-IL's pattern of trade and sourcing patterns as well as increased shipments of inputs from China to the third country weighed in favor of finding circumvention. *Id*. at 5-6.

19. On April 21, 2023, interested parties, including Hanon, filed a hearing request. *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Aluminum Foil from the People's Republic of China: Request for Hearing* (Apr. 21, 2023); *see also* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Aluminum Foil from the People's Republic of China: Request for Public Hearing* (Apr. 21, 2023).

20. On May 1, 2023, Hanon timely submitted a case brief addressing issues raised by Commerce's *Preliminary Determination*. *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Aluminum Foil from The People's Republic of China: Hanon Systems Alabama Corp's Case Brief* (May 1, 2023). Hanon argued that the *Preliminary Determination*, on a country-wide and company-specific basis is not supported by the record evidence and Commerce should issue a negative final circumvention determination concerning Dong-IL. *Id*. at 1. Hanon highlighted that three of the five statutory criteria weigh against a finding that Dong-IL's manufacturing operations are minor and insignificant. When the record is viewed in its entirety, the administrative record supports a negative determination.

21. Hanon argued, in part, that Commerce's *Preliminary Determination* is inconsistent with the legislative intent of the anticircumvention provision, which focused on the establishment of new operations (*i.e.,* screwdriver operations") as a result of the imposition of AD/CVD duties or the initiation of an AD/CVD investigation. Here, the administrative record demonstrated that the aluminum foil industry in South Korea is well-established, existing well before the *Orders* were imposed. *Id*. at 2.

22. Hanon also argued that Commerce's *Preliminary Determination* which determined that the nature of the production process in Korea and whether the value of processing in Korea represents a small portion of the value of the merchandise imported into the

United States is inconsistent with the administrative record.  Hanon noted that the administrative record, when viewed in totality, supports a negative determination.  The 19 U.S.C. § 1677j(b) factors demonstrate that Korean production is not "minor or insignificant" as the record documents: (1) significant investment and R&D in manufacturing and processing in Korea; (2) significant research and development in Korea; (3) the nature of the production process in Korea is sophisticated and robust; (4) Korean production facilities are extensive; and (5) the processing in South Korea adds significant value.  *Id*. at 6-15.  Importantly, Hanon pointed to record evidence that demonstrated that the processing that occurs in Korea alters the physical and mechanical characteristics of aluminum foil and completely changes it into a different and significantly  more expensive product.  *Id*. at 9.  Finally, Hanon argued that the patterns of trade data relied upon by Commerce does not support a circumvention determination.

        23.       On May 2, 2023, Korean Producers also submitted a case brief addressing Commerce's *Preliminary Determination*, arguing, in part, that (1) the statutory circumvention provisions were not intended to expand the scope of existing ADCVD orders to cover established industries in third countries; (2) Korean Producers manufacture aluminum foil from "aluminum strip", which was not included in the definition of inquiry merchandise at the time of initiation and Commerce should therefore issue a negative determination; (3) Korean manufacturing operations are not "minor or insignificant"; (4) the Department erroneously determined that the value of processing performed in Korea is minor or insignificant; (5) the *Preliminary Determination's* patterns of trade analysis was flawed.  *See* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Certain Aluminum Foil from the People's Republic of China: Korean Producers' Case Brief* (May 2, 2023).

24. Petitioners in the underlying investigation submitted a case brief requesting Commerce to modify its analysis in the *Preliminary Determination* and find that all factors under 19 U.S.C. § 1677j(b)(2) support a determination that the process of assembly or completion used by Korean aluminum foil producers with respect to inputs from China are minor or insignificant. *See* Petitioners' Case Brief, *Certain Aluminum Foil from the People's Republic of China* (May 1, 2023).

25. On May 25, 2023, Hanon submitted a rebuttal case brief in response to certain issues raised in Petitioners' May 1, 2023 case brief which addressed Commerce's preliminary affirmative determination. *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *RE: Aluminum Foil from The People's Republic of China: Hanon Systems Alabama Corp.'s Rebuttal Case Brief* (May 25, 2023). In rebuttal, Hanon submitted that the administrative record demonstrates that Korean production is not "minor or insignificant." Specifically, Commerce properly determined that Korean Producers' investment in Korea is not minor or insignificant, highlighting the significant investment and manufacturing and processing in South Korea, as well as the R&D activity in Korea. *Id.* at 1, 2-3. Additionally, with respect to R&D, the nature of the production process in Korea, and the extent of production facilities in Korea, Hanon argued that the administrative record supports a negative determination and pointed Commerce to arguments of record submitted in Hanon's affirmative case brief. *Id.*

26. Korean Producers also submitted a rebuttal case brief in response to Petitioners' May 1, 2023 case brief. *See* Letter from Trade Pacific PLLC to Dep't of Commerce, *Re: Certain Aluminum Foil from the People's Republic of China: Korean Producers' Rebuttal Brief* (May 26, 2023). Korean Producers submitted legal argument addressing the following issues: (1) the Department correctly analyzed the mandatory respondents' levels of investment in Korea; (2) the

Department should reject claims that the mandatory respondent's level of R&D in Korea is minor or insignificant; (3) the process to product aluminum foil is extensive, capital intensive and complex; (4) the mandatory respondents' production facilities as well as other Korean producers and input suppliers are extensive; and (5) using Chinese costs to calculate the value of processing in Korea is incorrect and contrary to the Department's practice. *Id*.

27.     On July 19, 2023, Counsel for Hanon participated in Commerce's hearing, arguing in for a negative final determination. *See* Memorandum to All Interested Parties, *SUBJECT: Circumvention Inquiries on Aluminum Foil from the People's Republic of China – Hearing Schedule* (Jul. 11, 2023).

28.     On November 20, 2023, Commerce issued its affirmative final determination dated November 17, 2023. *See* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, to Abdelali Elouaradi, Deputy Assistant Secretary for Enforcement and Compliance, *SUBJECT: Issues and Decision Memorandum for the Final Affirmative Circumvention Determination of the Antidumping Duty Order on Certain Aluminum Foil from the People's Republic of China with Respect to the Republic of Korea* (Nov. 17, 2023) ("Final Determination Memo"); *see also Antidumping and Countervailing Duty Orders on Certain Aluminum Foil From the People's Republic of China: Final Affirmative Determinations of Circumvention With Respect to the Republic of Korea and the Kingdom of Thailand*, 88 Fed. Reg. 82,824 (Nov. 27, 2023) ("*Final Determination*"). Commerce did not modify the conclusions from the *Preliminary Determination*. Final Determination Memo at 3. Commerce continued to find that the level of investment in Korea by Dong-IL is not minor or insignificant, which weighs against a finding that the process of assembly or completion in Korea is minor or insignificant. *Id*. at 16. Commerce also continued to find that Dong-IL's

R&D activity in Korea and Dong-IL's production facilities in Korea are not minor or insignificant, which weigh against finding that the process of assembly or completion in Korea is minor or insignificant. *Id.* at 19, 27. However, Commerce found that the mandatory respondent's, including Dong-IL, overall production process in Korea is less significant than the production process for the aluminum strip input, which weighs in favor of finding that the process of assembly or completion in Korea is minor or insignificant. *Id.* at 25. Commerce also found that the value of processing performed by Dong-IL in Korea represents a small proportion of the value of the inquiry merchandise imported into the United States, which weighs in favor of a finding that the process of assembly or completion in Korea is minor or insignificant. *Id.* at 31.

## STATEMENT OF THE CLAIMS

29. In the following respects, and for the other reasons demonstrated on the record of the administrative proceeding, Commerce's *Final Determination* is unsupported by substantial evidence and otherwise not in accordance with law.

## Count I

30. Plaintiff herein incorporates by reference paragraphs 1 through 29, *supra*, of this complaint.

31. The production process in Korea is significant and sophisticated. In making its circumvention determination, Commerce analyzed 19 U.S.C. § 1677j(b) factors. In its *Final Determination*, Commerce failed to consider and properly attribute record evidence demonstrating that the nature of the production process and extent of production facilities results in a complete transformation of the chemical and physical properties of the product. Moreover, Commerce failed to adequately take into account that the processing in Korea imparts the

physical and mechanical properties of the aluminum foil by rolling which results in a different and significantly more expensive product.

32. Commerce's *Final Determination* concerning the nature of the production process is not supported by substantial evidence and not in accordance with law.

## Count II

33. Plaintiff herein incorporates by reference paragraphs 1 through 32, *supra*, of this complaint.

34. In the *Final Determination*, Commerce also found that the value of processing performed by Dong-IL in Korea represents a small proportion of the value of the inquiry merchandise imported into the United States, which weighs in favor of a finding that the process of assembly or completion in Korea is minor or insignificant. Commerce's analysis of the value added by processing performed in Korea is fundamentally flawed and inconsistent with the administrative record. Commerce's analysis must take into account both quantitative and qualitative factors in making its determination. Here, the administrative record demonstrates that the processing that occurs in Korea alters the physical and mechanical characteristics of the aluminum foil and substantially changes it into a different and significantly more expensive product. Moreover, Commerce erred when it calculated the values.

35. Commerce's *Final Determination* concerning the value of the processing performed in Korea is not supported by substantial evidence and not in accordance with law.

## Count III

36. Plaintiff herein incorporates by reference paragraphs 1 through 35, *supra*, of this complaint.

Court No. 23-00269

37. In the *Final Determination*, Commerce issued a final affirmative finding despite three of the factors (level of investment, the level of R&D, and the extent of the production facilities in Korea) weighing against a finding that the process of assembly or completion in Korea is minor or insignificant. Commerce's reliance on only two of the five total factors in rending its determination is unreasonable.

38. Commerce's *Final Determination* is not supported by substantial evidence and not in accordance with law.

## Count IV

39. Plaintiff herein incorporates by reference paragraphs 1 through 38, *supra*, of this complaint.

40. In the *Final Determination*, consistent with the *Preliminary Determination*, Commerce continued to find that the patterns of trade indicate circumvention for Korea. Commerce's determination concerning patterns of trade is flawed. The patterns of trade data relied upon by Commerce does not support a circumvention determination.

41. Commerce's *Final Determination* addressing patterns of trade is not supported by substantial evidence and not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, *Hanon Systems Alabama Corp.*, requests that this Court:

(1) Hold that Commerce's *Final Determination* is not supported by substantial evidence and otherwise not in accordance with law;

(2) Remand this matter to Commerce with instructions to issue a new determination that is consistent with this Court's decision; and

(3) Grant such other and further relief as this Court may deem just and appropriate.

Court No. 23-00269

                Respectfully Submitted,

                <u>/s/ Kristen S. Smith</u>
                Kristen S. Smith
                Sarah E. Yuskaitis
                Mark Tallo
                **SANDLER TRAVIS & ROSENBERG, P.A.**
                1300 Pennsylvania Avenue, N.W.
                Suite 400
                Washington, D.C. 20004
                Tel: (202) 730-4965
                Fax: (202) 842-2247

                *Attorneys for Hanon Systems Alabama Corp.*

Dated: January 19, 2024